JOHN S. BATTY & another *vs.* WAREHAM L. FITCH & others.

If notice of an appeal from an order of the judge of insolvency is given to the register, under *St.* 1838, *c.* 163, § 8, but not recorded by him, within ten days, the record may subsequently be amended by order of the judge of insolvency, and the appeal entered upon petition to this court.

PETITION in equity, filed at April term 1858, by insolvent debtors, representing that they applied to the judge of insolvency for a discharge, which he refused on the 28th of December 1857, and they thereupon gave to him and the register of insolvency notice of an appeal to this court, and requested to have it entered on the records of the court of insolvency, but for some unknown cause the register omitted to do so ; and praying that the register might be required to amend his record, if necessary ; and that they might be allowed to enter their appeal in this court, and be heard on their application for a discharge.

When the petition was entered in this court, it did not appear by the record of the court of insolvency that an appeal had been claimed and notice given to the judge or register, within ten days after the order, as required by *St.* 1838, *c.* 163, § 8. But before it came on for hearing in this court, the judge of insolvency, at a regular meeting of the creditors, upon the debtors' petition, passed this order : " It appearing that notice of an appeal from the decision of said court, refusing the discharge of said insolvent debtors, within ten days after said decision was given to said court and the register to be entered on the records of said court, it is ordered that the records in this case be so amended as to conform to the facts in the case."

On these facts the respondents contended that no appeal had been duly claimed or entered in this court, and that the petitioners could not maintain their appeal, or be heard in this court on the question whether a discharge should be granted to them, and moved to dismiss the appeal ; and *Bigelow*, J. reserved the case.

*H. Vose*, for the respondents. The *St.* of 1838, *c.* 163, § 8, requires notice to be given to the judge of insolvency or his

clerk, and "to be entered upon the record of the proceedings within ten days after the decision appealed from." The omission to record within ten days was fatal to the right of appeal. *Bergen* v. *Jones,* 4 Met. 371. *Palmer* v. *Dayton,* 4 Cush. 270. No subsequent amendment, or order of the court to enter the notice on the record, can show that it was actually recorded within the ten days. *Bradford* v. *Watts,* Wright, 495. *Ludlow* v. *Johnson,* 3 Ohio, 553. *Moore* v. *Brown,* 10 Ohio, 197. It is immaterial whether the omission or defect was caused by the act of the appellant, or of the magistrate or other officer of the tribunal appealed from. *Bowler* v. *Palmer,* 2 Gray, 553. *Tatum* v. *Snidow,* 2 Hen. & Munf. 542.

*E. W. Bond,* for the petitioners.

BIGELOW, J. The authority to keep a record carries with it a right to amend it according to the truth. Otherwise the rule which rigidly excludes all evidence to contradict or control a record, when it is offered in proof or is relied on in support of ulterior proceedings, would often work very gross injustice. The mere omission or misprision of a clerk cannot be permitted to deprive a party of his rights, if the means of supplying the defect or correcting the mistake are within the reach of the tribunal whose proceedings are erroneously or defectively recorded. Parol evidence in such cases is not offered to controvert the record, but to show how it should be made up. When completed, it is conclusive; but until it is fully and finally made up, it is always open to amendment by the court the doings of which it purports to record. *Fay* v. *Wenzell,* 8 Cush. 315, & cases cited. With the addition of the amendment ordered by the judge of insolvency, the right of the petitioners to their appeal is clear. *Case to stand for hearing.*